IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 3:12-513-JFA |
| ) | |
| v. ) | ORDER |
| ) | |
| DAVID ANDREA JENKINS ) | |

This matter is before the court upon motion by defendant David Andrea Jenkins, joined by all the fifteen defendants who remain for trial in this case,[1] to dismiss this action contending that the requisites of Rule 41 of the Federal Rules of Criminal Procedure were not complied with. Finding the motion utterly lacking in legal or factual merit, the court is constrained to deny the motion (ECF No. 1351).

Distilled to its essence, this motion is grounded upon the assertion that the defendant was not arrested within the time limits proscribed by Fed. R. Crim. P. Rule 41. The motion also contends that the arrest was invalid because it was not executed in the district that issued the warrant. However, as the government points out in its responsive memorandum, Rule 41 by its terms refers to *search* warrants and not *arrest* warrants.

Jenkins and thirty-seven other defendants were indicted by a federal grand jury on June 21, 2012. The indictment was a culmination of a year-long investigation into the allegedly illegal activities of the United Blood Nation organization. According to the

---

[1] Pursuant to a deemer provision adopted in this case at the last pretrial conference, all defendants are "deemed" to have joined in any motion filed by a co-defendant unless that defendant expressly opts out of the motion.

1

government, the Federal Bureau of Investigation had to coordinate the arrests of multiple defendants and, so as to minimize the possibility of defendants fleeing when they learned of the charges, planned to conduct all arrests on July 10, 2012. On that date, Jenkins was arrested in California. On that same day, the FBI had executed a search warrant at Jenkins's California residence that it had obtained on July 6, 2012, from a United States Magistrate Judge sitting in California.[2]

Fed. R. Crim. P. 9, entitled "Arrest Warrant or Summons on an Indictment or Information" provides that a court must issue a warrant for each defendant charged in an indictment. Rule 9(c) further provides that the warrant is to be executed or served in compliance with Fed. R. Crim. P. 4(c)(1), (2) or (3). Rule 4 provides that marshals or other authorized officers may execute the arrest warrant. Rule 4(c)(2) explicitly provides that an arrest warrant or summons may be executed or served "within the jurisdiction of the United States or anywhere a federal statute authorizes an arrest." Significantly for purposes of this motion, neither Rule 9 nor Rule 4 require that an arrest warrant be served within any set time period or contain any temporal restrictions on service. Defendant was arrested in the United States and his arrest was thus in compliance with both Rule 4 and Rule 9.

Two courts have rejected arguments similar to the one advanced by Jenkins. *United States v. Hulgren*, 713 F. 2d 79 (5th Cir. 1983) (Rule 41 does not apply to arrest warrants or

---

[2] Search warrants are governed by Rule 41 and arguably, Rule 41(b)(2) requires that the search warrant sought be obtained from a judicial officer in the district where the search was to be conducted. As the government notes, it was also served within ten days of its issuance in compliance with Rule 41(e)(2)(a).

"arrest situations"); *United States v. O'Neal*, 2009 WL 2047275 (E.D.TN. July 2, 2009) (Rule 41 does not apply to arrest warrants.). Thus, based upon the plain language of the operative rules and case precedent on the subject, this court must deny the motion.[3]

    IT IS SO ORDERED.

May 3, 2013                                                           Joseph F. Anderson, Jr.
Columbia, South Carolina                     United States District Judge

---

[3] Jenkins also argues that the indictment against him contains allegations against co-defendants for charges that do not relate to him particularly. He cites no authority for the proposition that all charges in a criminal case must, for some reason, relate to *all* defendants. This motion therefore lacks merit and is denied as well.